**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH HUNT, | No. 13-56207 |
| Petitioner - Appellant, | D.C. No. 2:98-cv-05280-RHW |
| v. | |
| TIM V. VIRGA, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges and STEIN,** District Judge.

**1.** The California Supreme Court's 2000 denial of Joseph Hunt's petition for

a writ of habeas corpus did not strip the California Court of Appeal's opinion of its

precedential force. The California Supreme Court simply "refuse[d] to readjudicate"

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Sidney H. Stein, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

Hunt's claims "on the ground that [they] ha[d] been previously determined." *Cone v. Bell*, 556 U.S. 449, 467 (2009). As such, the California Supreme Court's denial did not serve as a procedural bar, *id.*, which—if deemed ineffective—would permit us to ignore the California Court of Appeal's merits determinations. *See Seeboth v. Allenby*, 789 F.3d 1099, 1103 (9th Cir. 2015). The California Court of Appeal had denied on the merits each claim Hunt raises on appeal before us. We must therefore defer to that court's denials as long as they were neither "contrary to" nor "involved an unreasonable application" of clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1).

**2.** The California Court of Appeal's decision to apply *Strickland v. Washington*, 466 U.S. 668 (1984), rather than *Cuyler v. Sullivan*, 446 U.S. 335 (1980), to Hunt's claim that trial counsel had a conflict of interest was not contrary to clearly established Supreme Court law. It is not clearly established that the *Cuyler* framework applies to instances in which counsel's purported conflict of interest was personal rather than based on improper joint representation. *See Mickens v. Taylor*, 535 U.S. 162, 174–75 (2002); *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007). We also may not grant relief on the basis that the California Court of Appeal unreasonably refused to extend the *Cuyler* framework to apply to the facts of Hunt's particular conflict claim. *See White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

**3.** Regarding Hunt's general ineffective assistance claims, "fairminded jurists could disagree" over whether trial counsel's so-called "sanitary" tactics rendered constitutionally ineffective assistance. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Under the Antiterrorism and Effective Death Penalty Act's (AEDPA) doubly deferential lens, *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), we cannot conclude that counsel rendered deficient performance by selecting an examination strategy he thought would ensure that the witness testified consistently with her prior statements. That tactic reasonably sought to protect Hunt's defense from allegations that his witnesses were tainted.

Even if trial counsel's questioning was insufficiently aggressive, it was reasonable for the state court to conclude that Hunt failed to show the required prejudice. Two alleged eyewitnesses testified that they saw Ronald Levin alive in Arizona. Hunt points to no hypothetical testimony that a more aggressive questioning strategy could have adduced from those witnesses.

We have also considered Hunt's contentions that the state courts unreasonably rejected Hunt's remaining *Strickland* claims regarding trial counsel's purported failures to discover, interview, or call to the stand Oliver Wendell Holmes, Karen Sue Marmor, John Duran, Robbie Robinson, Nadia Ghaleb, Ivan Werner, or Louise Waller as well as Hunt's claims that trial counsel was ineffective in failing to present

evidence of Levin's access to some $500,000, evidence regarding whether Levin's American Express credit card was used after Levin's murder, or evidence of the anonymous Nippers Nightclub sighting. None of these claims entitle Hunt to federal habeas relief.

Fair-minded jurists could disagree over whether Hunt had demonstrated that any of trial counsel's claimed errors constituted constitutionally deficient performance or resulted in the required prejudice. *See Gallegos v. Ryan*, __ F.3d __, 2016 WL 1382194 at *10 (9th Cir. April 7, 2016). Hunt fails to point to anything Barens could have done that would have led to a more timely discovery of much of the abovementioned exculpatory evidence. Nor can he show prejudice for trial counsel's failure to present to the jury several witnesses whose accounts were incredible or "pathetic."

Indeed, in light of the "overwhelming" evidence of Hunt's guilt, and the state courts' factual findings, *see* 28 U.S.C. §§ 2254(d)(2), (e)(1), that "Ronald Levin is dead and that [Hunt] killed him," the California courts' rejection of Hunt's *Strickland*

claims simply cannot be viewed as anything less than reasonable given AEDPA's strict constraints.[1] We must defer to those reasonable decisions.

**AFFIRMED.**

---

[1] We cannot consider the juror declarations Hunt proffered. *Pinholster*, 563 U.S. at 180-81; Fed. R. Evid. 606(b). Accordingly, those declarations have no effect on our analysis of Hunt's *Strickland* claims.